UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| PAULA ONTIVAROS GARCIA,     §<br>    §<br>Plaintiff,     §<br>    §<br>v.     §<br>    §<br>    §<br>JO ANNE B. BARNHART,     §<br>Commissioner of Social Security,     §<br>    §<br>Defendant.     § | CIVIL ACTION NO.<br>5:06-CV-122-C<br>ECF |

**REPORT AND RECOMMENDATION**

The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this case to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment. Plaintiff Paula Ontivaros Garcia seeks judicial review of decisions of the Defendant Commissioner of Social Security regarding her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The Commissioner has filed a "Motion to Dismiss Plaintiff's Complaint and Brief in Support" seeking dismissal of Garcia's complaint under Fed. Rule Civ. P. 12(b)(1) for lack of subject matter jurisdiction contending that Garcia did not receive judicially reviewable decisions from the Commissioner on her applications for DIB and SSI as required by 42 U.S.C. § 405(g).

After reviewing the evidence and the arguments of the parties, this court recommends that the District Court grant the Commissioner's motion and dismiss Garcia's claims for lack of subject matter jurisdiction.

**I.      Jurisdictional Standard**

The Social Security Act provides for judicial review of "any final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g).  Under the Commissioner's regulations a "final decision" is rendered and judicial review authorized under 42 U.S.C. § 405(g) when the Appeals Council either reviews or denies review of the ALJ's decision. *Harper by Harper v. Bowen*, 813 F.2d 737, 739 (5th Cir. 1987); *see also* 20 C.F.R. §§ 404.982, 416.1481 (2006).  Thus, if a claimant fails to exhaust administrative remedies by requesting review from the Appeals Council, there is no final decision and, as a result, no basis for judicial review.  *See Sims v. Apfel*, 530 U.S. 103, 107 (2000) (citations omitted); *see also Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994) (A district court has jurisdiction to review a decision of the Commissioner of Social Security only where the claimant has exhausted administrative remedies, and exhaustion of remedies is established only when it is shown that the claimant sought review and obtained a final decision from the Appeals Council.)   Seeking review from the Appeals Council is therefore the final administrative remedy available to a Social Security claimant and a mandatory prerequisite to appealing a decision of the Commissioner of Social Security in federal court.

A court must satisfy itself that subject matter jurisdiction is proper before proceeding to the merits of a claim.  *Ziegler v. Champion Mortgage Co.*, 913 F.3d 228, 239 (5th Cir. 1990).  A claim must be dismissed for lack of subject matter jurisdiction when the court lacks power from statutory or constitutional directives to adjudicate the claim.  *Krim v. pcOrder.com, Inc.,* 402 F.3d 489, 494 (5th Cir. 2005) (quoting *Home Builders Ass'n of*

*Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). The party seeking to invoke the court's jurisdiction bears the burden of proof that jurisdiction is proper, *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), and once the defendant makes a factual attack on the court's jurisdiction with affidavits, testimony, or other evidentiary materials, the plaintiff carries the burden of establishing subject matter jurisdiction by a preponderance of the evidence, *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989); *Middle S. Energy, Inc. v. City of New Orleans*, 800 F.3d 488, 490 (5th Cir. 1986). In ruling on a motion to dismiss for lack of subject matter jurisdiction the court may consider disputed as well as undisputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

**II.     Garcia's DIB Claim**

The Commissioner acknowledges that Garcia filed an application for DIB on September 29, 2004, and that a hearing was held before an Administrative Law Judge (ALJ) on May 10, 2006. The Commissioner contends, however, that the ALJ had not yet issued a decision on June 14, 2006, the date on which Garcia filed her complaint, and that there is therefore no judicially reviewable decision. The Commissioner supports her argument with an affidavit from Patrick J. Herbst, an officer responsible for case preparation and review for the Social Security Administration (SSA). Mr. Herbst avers that he is responsible for processing claims for SSI and DIB and that he has examined an electronic record of Garcia's applications. Based on his examination of the electronic record, Mr. Herbst states that as of June 23, 2006, the date on which he signed his affidavit, the ALJ had not yet issued a

3


decision regarding Garcia's application for DIB.

Garcia has not addressed with argument or evidence the Commissioner's motion to dismiss her DIB claim. She has therefore failed to establish subject matter jurisdiction by a preponderance of the evidence for her DIB claim, and it must be dismissed for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1).

## III. Garcia's SSI Claim

### A. *The parties' arguments and evidence*

Garcia alleges in her complaint that she applied for SSI, that her application was denied at the initial and reconsideration stages of the disability application process, that an ALJ issued an unfavorable decision, and that the Appeals Council denied review. The parties agree that a hearing was held before an ALJ on June 16, 2004, and that the ALJ issued a decision denying the application on July 16, 2004. However, contrary to Garcia's assertion in her complaint, the Commissioner contends that there is no record that Garcia requested review from the Appeals Council and argues that Garcia therefore failed to exhaust the administrative remedies as required by 42 U.S.C. § 405(g) and failed to obtain a final decision before filing this civil action. The Commissioner supports her argument with the affidavit from Mr. Herbst wherein he states that Garcia did not request Appeals Council review of the ALJ's decision denying her application for SSI.

Garcia claims she mailed a request for Appeals Council review to the SSA office in Lubbock, Texas, on August 11, 2004, twenty-six days after the ALJ issued his decision denying her SSI application. She argues that there is a presumption of receipt of

United States mail and that there is "no question" that she presented her claims to the SSA and that the SSA either lost or misplaced her request for Appeals Council review. She presents an affidavit from her attorney, Dorsett C. Bennett, II, in which he states that the SSA often loses documents and an affidavit from a non-attorney Social Security representative who states that the SSA often loses documents including documents that are hand-delivered to the Lubbock office. Garcia also presents an affidavit from Ramona Murillo, Bennett's former legal assistant.

    B.    *No evidence of a final decision*

Garcia claims Bennett sent a letter of inquiry regarding the status of her appeal via certified mail to the SSA office in Lubbock, Texas, on May 11, 2006, twenty-three months after she claims the request for review was mailed. She submits a copy of Bennett's letter of inquiry along with a copy of a response from Ruth A. Wilson, a representative of the SSA. In his letter of inquiry Bennett states that he has not received a response from the Appeals Council and requests information regarding the status of the appeal. In her response Wilson advises Bennett that the SSA did not have record of receiving a request for review for the decision on the SSI application and that the Appeals Council therefore had not made a decision in regard to the application. She advised Bennett to submit to her any evidence he might have that a request for review was, in fact, submitted. There is no evidence that Bennett submitted such evidence. On the other hand, Bennett indicates in an affidavit that he considered the letter from Wilson to be the final decision from the SSA in regard to Garcia's SSI application.

5

Garcia has failed to establish by a preponderance of the evidence that she obtained a final decision on her SSI application. Bennett's statement that he considered the letter from Wilson on June 2, 2006, to be the Commissioner's "final decision" must be rejected. The regulations are clear that a final decision is rendered only when the Appeals Council either reviews or denies review of the ALJ's decision. *See Harper*, 813 F.2d at 739; 20 C.F.R. §§ 404.982, 416.1481. The letter from Wilson did not represent a "final decision" as that term is defined.

  C. *No evidence that Garcia sought a final decision*

Garcia is correct in arguing that there is a presumption of receipt of United States mail. Proof that a properly addressed letter was placed in a United States Postal Service mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the intended recipient. *See Beck v. Somerset Tech., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Hagner v. United States,* 285 U.S. 427, 429 (1932)). The question in a case in which a party seeks to apply the presumption is whether the sender properly mailed or otherwise sent the document at issue and not whether the intended recipient received it. *See Eagle Bus. Mfg., Inc. v. Rogers*, 62 F.3d 730, 735 (5th Cir. 1995). Thus, the party seeking to raise the presumption must submit adequate and sufficient proof that the documents at issue were actually mailed. *Beck*, 882 F.2d at 996. Direct evidence consisting of a certified mail receipt and signed return cards has been found sufficient to raise a presumption that documents were actually mailed. *Id.* Likewise, evidence showing that documents were sent via Federal Express has been found sufficient to raise a presumption

6

that documents were actually mailed. *Murray v. TXU Corp.*, 279 F. Supp. 2d 799, 802 (N.D. Tex. 2003).

Garcia has not presented direct evidence to raise the presumption that the request for review was actually mailed. There is no direct evidence that a request for review was sent to the Lubbock SSA office via certified mail, via Federal Express, or by a private delivery service.[1] Although Garcia presents evidence consisting of a copy of a "Request for Review of Hearing Decision/Order" dated August 4, 2004, and a transmittal memorandum addressed to the SSA office in Lubbock and dated August 11, 2004, the documents indicate only that a request for review was prepared; they do not constitute direct and tangible proof that a request for review was actually mailed.

In a case such as Garcia's in which there is no direct and tangible proof that a document was mailed, a presumption of mailing may be established with circumstantial evidence. *Wells Fargo Bus. Credit v. Ben Kozloff, Inc.*, 695 F.2d 940, 944 (5th Cir. 1983) (citation omitted). Testimony from employees at the sender's business regarding the actual mailing of the document at issue and testimony regarding the customary mailing practices and procedures used at the sender's business is circumstantial evidence that may prove that a document was actually mailed. *Wells Fargo Bus. Credit*, 695 F.2d at 944. In *Wells Fargo Bus. Credit* the presumption of mailing was established with testimony indicating that the

---

[1] In fact, Garcia's attorney Bennett indicates in an affidavit submitted to the court that "[b]ecause of the trouble and expense involved I do not mail everything to the Social Security Administration via certified mail." Bennett does not indicate what types of documents he mails via certified mail to the SSA.

7

party seeking the presumption saw the document at issue in an envelope and saw the envelope sealed and with further testimony that the procedure used to mail the document at issue was the same procedure used to mail other documents relevant to the case and that the document at issue was not returned by postal authorities as undeliverable. *Id.* at 944.

In this case there is no testimonial evidence regarding the actual mailing of the request for Appeals Council review. The only evidence regarding the mailing of the request for review is provided in Murillo's affidavit. Murillo, however, does not aver that she mailed the document. In fact, she states that she does not have independent recollection of mailing the request for review. She states as follows:

> I have reviewed the Paula O. Garcia file, and while I do not have an independent memory of having done so, I see that on August 11, 2004, I mailed a transmittal letter along with an Appointment of Representative form, a Fee Agreement, and a Request for Review of the unfavorable decision entered on July 16, 2004, to the Lubbock Social Security office at 2002 West Loop 239, Suite 100, Lubbock, Texas 79407. In the nearly 5 years that I work[ed] for the Bennett Law Office, PA, I never saw a piece of mail that we mailed to the Lubbock Social Security office ever be [sic] returned as undelieverable. I can[,] however, remember a number of times during those years in which the Lubbock Social Security office claimed they had not received documents that we had mailed to them.

Murillo's statement that she "see[s]" that she mailed the documents at issue amounts to an assumption that she mailed the request for review based on her review of records. She does not "have an independent memory of having done so." Murillo's statements regarding her recollection that mail addressed to the SSA was never returned and that the SSA had claimed they had not received documents mailed to the Lubbock office speak to her expectations regarding documents addressed to the Lubbock

8

SSA office that she actually placed in the mail. Nothing in her testimony establishes that the documents at issue in this case were actually placed in the mail. Murillo's testimony is insufficient; "[i]n order to raise the presumption of mailing, the evidence must consist of more than unsupported conclusory statements of an individual based on his assumption of how mail was handled in the normal course of business in his office." *In re East Coast Brokers and Packers, Inc.*, 961 F.2d 1543, 1545 (11th Cir. 1992); *see also Leasing Assoc., Inc. v. Slaughter & Son, Inc.*, 450 F.2d 174, 180 (8th Cir. 1971) (testimony that letter "went out in the normal course of business" did not raise the presumption of mailing.)

On the other hand, courts have recognized that "considering the modern volume of corporate correspondence," affiants may not be expected to remember mailing specific documents. *Leasing Assoc., Inc.*, 450 F.2d at 180; *see also Simpson v. Jefferson Standard Life Ins. Co.*, 465 F.2d 1320, 1324 (6th Cir. 1972). In the absence of direct testimony establishing personal knowledge regarding the mailing of a document, testimony regarding a customary system of mailing documents and testimony of compliance with the custom in the particular instance will establish proof of mailing. *Id.* Such evidence, however, is absent in this case. Garica does not offer testimony from Murillo or another party regarding the customary mailing practices and procedures that were followed at Bennett's law practice or testimony that the request for review was mailed in conformity with the customary mailing practices and procedures. Murillo does not describe the customary office procedures she may have followed in the actual mailing of such documents to the Lubbock SSA office and does not testify that she followed those procedures when mailing

9


the document at issue. Thus, it is unknown whether Murillo mailed requests for Appeals Council review on the same date the office received notice of the ALJ's decision, whether it was her practice to mail requests for review on the same date the requests were generated or at the end of the work week, or whether she affixed such mail with stamps and placed it in a mailbox at Bennett's law office or hand-delivered it to a post office. Because Murillo's affidavit testimony does not establish her independent recollection of mailing the request for review and does not address the procedures that were customarily followed when mailing such documents from Bennett's law office and compliance with such procedures, her testimony is not the type of circumstantial evidence that would raise a presumption of mailing. *See Wells Fargo Bus. Credit*, 695 F.2d at 544; *Leasing Assoc., Inc.*, 450 F.2d at 180.

## IV.   Conclusion

In order to establish subject matter jurisdiction it must be shown that the claimant exhausted administrative remedies and that a final decision was issued in the case. *Paul*, 29 F.3d at 210. In this case, Garcia was required to make this showing by a preponderance of the evidence. *Irwin*, 874 F.2d at 1096. Courts will find that a party has met its burden of showing a fact by a preponderance of the evidence when the court is persuaded that the evidence presented in favor of the fact is more convincing in comparison than the evidence against it. *Wilson v. United States,* 322 F.3d 353, 361 (5th Cir. 2003) (citations and quotations omitted). When the evidence presented is evenly balanced, the court must rule against the party with the burden of persuasion. *Id.* (citing *Dir., Office of*

*Workers' Comp. Programs v. Greenwich Collieries*, 512 U.S. 267, 281 (1994)). Both Garcia and the Commissioner have presented affidavit evidence. However, the burden of persuasion rested with Garcia, and her evidence does not show by a preponderance of the evidence that she sought review from the Appeals Council or that the Commissioner issued a final decision. Consequently, she has failed to establish subject matter jurisdiction. *See Sims*, 530 U.S. at 107; *Harper*, 813 F.2d at 739; 20 C.F.R. §§ 404.982, 416.1481.

## V.     Recommendation

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court grant the Commissioner's motion and dismiss Garcia's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## VI.    Right to Object

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within ten days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within ten days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated:   December 22, 2006.

_____
NANCY M. KOENIG
United States Magistrate Judge